# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

––––––––––––––

m 00-30804
Summary Calendar

––––––––––––––

SANDRA J. BRIDGES,

Plaintiff-Appellant,

VERSUS

DEPARTMENT OF SOCIAL SERVICES,

Defendant-Appellee.

––––––––––––––––––––––––

Appeal from the United States District Court
for the Middle District of Louisiana
(98-CV-931)

––––––––––––––––––––––––

April 27, 2001

Before SMITH, BENAVIDES,
and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sandra Bridges requested a designated handicapped parking space from her employer, the Department of Social Services ("DSS"). When she did not get one, she sued under the Americans with Disabilities Act ("ADA"), claiming that she did not receive a reasonable accommodation. The district court granted summary judgment for DSS, and we affirm.

I.

Bridges experiences pain in walking. Although her condition does not prevent her

either from working in the office or from household chores, she requested a parking space close to the building to minimize her walking distance. The DSS accommodated her request by assigning her to a space in the parking garage near the building as soon as it became available, whereas she previously had to park in an open lot across the street. Bridges contends that she should have received a designated "handicapped" parking space. She complains that when the handicapped space became available, it was assigned to another employee who had requested an accommodation.

Bridges avers that she must park in a "stacked" space, which requires her to make extra trips to the garage to accommodate the person in the other space. DSS explains that the handicapped slot is the only parking space closer to the building than is the one Bridges uses; the two spaces are separated only by the width of a driveway.

## II.

We review a summary judgment *de novo,* applying the same standards as did the district court. *Vielma v. Eureka Co.,* 218 F.3d 458, 462 (5th Cir. 2000). We draw all reasonable inferences in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

## III.

The ADA requires that covered entities make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)-(5)(A). Bridges can state a claim for discrimination based on her employer's failure to accommodate a disability by showing that (1) the employer is covered by the statute; (2) she is an individual with a disability; (3) she can perform the essential functions of the job with or without reasonable accommodations; and (4) the employer had notice of the disability and failed to provide accommodation. *Lyons v. Legal Aid Soc'y,* 68 F.3d 1512, 1515 (2d Cir. 1995) (stating that a failure to provide a parking space for a disabled employee may present a cognizable claim under the ADA).

DSS does not contest that it is a covered entity and that Bridges can perform the essential functions of the job.[1] Although

---

[1] A failure-to-accommodate claim under the ADA is distinct from a claim of disparate treatment and is analyzed separately under the law. *E.g., Green v. Nat'l Steel Corp.,* 197 F.3d 894, 897-98 (7th Cir. 1999). Such failure to accommodate, however, may provide evidence of disparate treatment. *See Burch v. Coca-Cola Co.,* 119 F.3d 305, 314 (5th Cir. 1997) ("A wrongful termination claim under the ADA is not properly analyzed under a reasonable accommodation theory unless an employer is shown to have terminated a qualified individual with a disability in order to avoid accommodating that employee's impairments at the workplace."). Because Bridges alleges no adverse employment action, we need not apply disparate treatment analysis here. To the extent that the district court relied on disparate treatment analysis to grant summary judgment for DSS, it erred. We may affirm, however, on any basis

(continued...)

2

Bridges has suffered no adverse employment action, she may still raise a claim of discrimination based on the alleged failure reasonably to accommodate her disability. *See Loulseged v. Akzo Nobel, Inc.,* 178 F.3d 731, 734 (5th Cir. 1999). To raise this claim independently of a disparate treatment claim, however, she "must demonstrate that a substantially limiting impairment somehow affected [her] ability to perform [her] job. Without such a showing, there would be nothing for an employer to accommodate." *Burch,* 119 F.3d at 315 n.4.

## A.

We must consider whether Bridges is disabled within the meaning of the ADA, which defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life functions of such individual; (B) a record of such impairment; or (C) being regarded as having such impairment." 42 U.S.C. § 12102(2). "[T]he impairment must be substantially limiting at the time of the requested accommodation." *Burch v. Coca-Cola Co.,* 119 F.3d 305, 315 (5th Cir. 1997).

To examine "major life functions" and substantial limitations, we look to the regulations promulgated by the Equal Employment Opportunity Commission. *Dutcher v. Ingalls Shipbuilding,* 53 F.3d 723, 726 (5th Cir. 1995). These regulations classify walking as a major life function. *Id.* (citing 29 C.F.R. § 1630.2(i)). The definition of "substantially limits" includes "significantly restricted as to the condition, manner, or duration under which an individual can perform a particular

major life activity as compared to the condition, manner, or duration under which the average person under which the average person in the general population can perform the same major life activity." Id. (citing 29 C.F.R. § 1630.2(j)(1)(ii)).

Bridges can walk around the office and can do household chores, shopping, and yard work. She has identified no activity in which she cannot engage. She asserts, however, that she attempts to minimize walking because it causes her pain. This condition does not qualify as a "significant" restriction on her ability to walk within the meaning of the ADA.[2]

## B.

Even if we were to conclude that Bridges is "significantly restricted as to the . . . duration" of her walking, she could not recover, because she has not demonstrated that DSS knew of her disability and failed to make reasonable accommodation. Bridges had several informal conversations with her supervisors about her parking assignment in an open lot some distance from the office building, and she made a formal request for accommodation in July 1996. In September 1996, the DSS assigned her a parking space in the office building garage. This spot is precisely sixty feet, six inches from the entrance to the building. Bridges's main complaint with the

[1](...continued)
supported by the record. *Berry v. Brady,* 192 F.3d 504, 507 (5th Cir. 1999).

[2] *See Dutcher,* 53 F.3d at 726 n.11 (concluding that difficulty in picking little things up from the floor, operating a car ignition, or holding things high up or really tightly for long periods of time did not present sufficient evidence for a jury to determine that impairment significantly limited a major life activity). The district court found that Bridges had not demonstrated a substantial limit to the major life activity of working. Bridges does not contest this finding.

accommodation is that she occasionally has to make an extra trip to the garage because she parks in a stacked space.

"The ADA is a federal discrimination statute designed to remove barriers which prevent qualified individuals with disabilities from enjoying the same employment opportunities that are available to persons without disabilities." *Taylor v. Principal Fin. Group, Inc.,* 93 F.3d 155, 161 (5th Cir. 1996). Bridges has alleged no barrier to her employment opportunities. Moreover, "the ADA requires employers to reasonably accommodate limitations, not disabilities." *Id.* at 164.

"This is a critical distinction, because the existence *vel non* of a disability or impairment is material to a reasonable accommodation claim only insofar as it limits an employee's ability to perform his or her job." *Burch v. Coca-Cola, Co.,* 119 F.3d 305, 314 (5th Cir. 1997). Bridges has not alleged any limitation on her ability to perform her job under the current arrangement. Therefore, the district court correctly concluded that DSS had no duty to provide her with the specific parking space that she requested.

AFFIRMED.